UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 19 2012 ★
BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

CLARISEL YANIRA PEREZ PEREZ,

Defendant.

12-CR-315

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original). Although a written statement of reasons pursuant to 18

1

U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On May 22, 2012, Clarisel Perez Perez pled guilty to Count One of a single-count indictment which charged that on or about April 18, 2012, she knowingly and intentionally uttered, used, attempted to use and possessed a nonimmigrant visa, knowing that said document was procured by means of a false statement and by fraud and was unlawfully obtained, in violation of 18 U.S.C. § 1546(a).

Perez was sentenced on May 25, 2012. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be six and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between zero and six months. The calculation of the total offense level included a two-point reduction for acceptance of responsibility.

Perez was sentenced to time served and three years of supervised release. A $100 special assessment was imposed. No fine was imposed because the defendant does not have any assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Perez, a Colombian citizen, has a long history of lawful employment working in medical laboratories and in sales. She volunteers extensively with Sueños de Cristal, a Colombian charity that works with children who suffer from a degenerative disease causing them to have fragile bones. In addition to caring for her biological child, she has also adopted several other children, including a young girl with cancer.

Plaintiff has already been incarcerated for approximately a month and a half, during which time she has been separated from her family and children. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that involvement in visa fraud will result in a prison sentence and swift deportation. Specific deterrence is achieved through the defendant's prior incapacitation and the effect on her ability to enter this country lawfully in the future. It is unlikely that she will engage in further criminal activity in light of her history of law-abiding and charitable conduct.

Jack B. Weinstein
Senior United States District Judge

Dated: May 31, 2012
Brooklyn, New York